UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

KELLY SUE SCHREIBER,

      Plaintiff,

      v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,

      Defendant.

Case No. 4:14-cv-37-JVB-JEM

**OPINION AND ORDER**

Plaintiff Kelly Sue Schreiber asks this Court to remand her case to the Social Security Administration based on new medical evidence, under sentence six of 42 U.S.C. § 405(g). For the reasons discussed below, the Court affirms the decision of the Social Security Administration.

**A.    Overview of the Case**

Plaintiff alleges that she became disabled on February 5, 2010, due to chronic obstructive pulmonary disease, arthritis of the shoulder, vertigo, lumbar facet disease, anxiety and depression. (R. at 26.) Administrative Law Judge Michael Hellman held a hearing on August 8, 2012. (R. at 24.) In a decision issued on November 30, 2012, the ALJ found that these conditions are all severe, and that Plaintiff could not engage in any of her past gainful activity. (R. at 26.) This past activity included working as a cashier and as a bartender. (R. at 26.) He also found that Plaintiff's limitations require her to avoid chemical irritants and dust, and that she could work

only at a relaxed pace. (R. at 29.) Noting that the evidence supporting Plaintiff's psychiatric symptoms was sparse, the ALJ stated "I do not find credible her allegations regarding the severity and persistence of her symptoms as well as the functional limitations that they allegedly cause." (R. at 32.) He concluded that Plaintiff was not disabled. (R. at 31.)

Beginning in September 2012, Plaintiff was treated at the Wabash Valley Alliance (WVA), where she was diagnosed with post-traumatic stress disorder (PTSD) arising from her husband's suicide in 2010. (R. at 1100.) The WVA records provide significant new detail on the nature and causes of Plaintiff's anxiety and depression, including a lifelong history of abuse. (R. at 1100–1117.) In April 2014, Plaintiff submitted her WVA records to the Appeals Council, which added them to the administrative record. (R. at 8.) The ALJ's rejection of Plaintiff's claim became final when the Appeals Council denied review. (R. at 5.) When it denied review, the Appeals Council stated summarily that "this information does not provide a basis for changing the Administrative Law Judge's decision." (R. at 5–6.)

**B.     Standard of Review**

Sentence six of 42 U.S.C. § 405(g) provides that "The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Thus, for a sentence six remand, Plaintiff must show that her evidence is new and material, and that she had good cause for not providing it sooner. Plaintiff must also show that the evidence relates to the period before the disability hearing. 20 C.F.R. § 404.970(b).

## C. Analysis

The parties dispute whether Plaintiff's evidence (1) is new, (2) is material, and (3) has good cause for its late submission. They do not dispute that the evidence relates to the pre-hearing period.

### (1) *The evidence is not new*

Evidence is new if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). Also, for sentence six purposes, "evidence that has been submitted to and rejected by the Appeals Council does not qualify as 'new.'" *Stepp v. Colvin*, 795 F.3d 711, 727 n.8 (7th Cir. 2015). Here, the Appeals Council received and rejected Plaintiff's evidence. Therefore, although materiality and good cause may be present in this case, Plaintiff's motion fails because her evidence is not new.

Plaintiff has not moved this Court for review of the Commissioner's decision under sentence four of § 405(g), which provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security." Accordingly, any question as to whether the Appeals Council rejection is subject to sentence four review is not before this court.

## E. Conclusion

The Court finds that Plaintiff's evidence does not qualify for a remand under sentence six of 42 U.S.C. § 405(g), because the Appeals Council has already rejected it, and therefore the evidence is not "new" for sentence six purposes. Therefore, the Court denies Plaintiff's motion.

SO ORDERED on September 29, 2015.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE